1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIO E. YOUNG, JR., individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>SAFELITE FULFILLMENT, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>            Defendants. | No. _____<br><br>DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF REMOVAL |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO MARIO E. YOUNG AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Safelite Fulfillment, Inc. ("Safelite") hereby removes the above-captioned action from the Superior Court for the State of Washington and for the County of King at Seattle, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332(d) and 1446.

As required by 28 U.S.C. § 1446(d), Defendant will file in Superior Court, and serve upon Plaintiff and his counsel of record a Notice to State Court of Removal of Civil Action to Federal Court (with these removal papers attached).

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF REMOVAL - 1

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1    In support of this Notice of Removal, Safelite states the following:

2                            **PROCEDURAL HISTORY**

3         1.       Plaintiff filed his Complaint, captioned *Mario E. Young, Jr., individually and on*

4    *behalf of others similarly situated, Plaintif, v. Safelite Fulfillment, Inc., and Does 1 through 10*

5    *inclusive, Defendants*, Case No. 19-2-14782-2 SEA in the Superior Court for the State of

6    Washington and for the County of King at Seattle (the "State Court Action") on June 3, 2019.

7    A true and correct copy of the Complaint is attached as **Exhibit 1** ("Complaint").

8         2.       The Complaint was served on Safelite on June 5, 2019.  A true and correct copy

9    of the Declaration of Service filed in the State Court Action is attached as **Exhibit 2**.

10        3.       Safelite filed an answer to Plaintiff's Complaint on June 25, 2019 ("Answer").

11   A true and correct copy of Safelite's Answer is attached hereto as **Exhibit 3**.

12                      I.      **STATEMENT OF JURISDICTION**

13        4.       This Court has original jurisdiction over this action under the Class Action

14   Fairness Act of 2005 (the "Act").  *See* 28 U.S.C. § 1332(d).  In relevant part, the Act grants

15   district courts original jurisdiction over civil class actions filed under federal or state law in

16   which any member of a class of 100 or more putative class members is a citizen of a state

17   different from any defendant and the amount in controversy for the putative class members in

18   the aggregate exceeds $5,000,000, exclusive of interest and costs.  The Act authorizes removal

19   of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of the

20   Act's requirements for removal and is timely and properly removed by the filing of this Notice

21   of Removal.

22        5.       The Act applies to actions that were "commenced" on or after February 18,

23   2005.  Because the State Court Action was filed on June 3, 2019, it was "commenced" on or

24   after February 18, 2005, and removal is proper under the Act.

25

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 2

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

## II.  TIMELINESS OF REMOVAL

6.      Pursuant to 28 U.S.C. § 1446(b), Safelite filed this removal within 30 days after receipt of service of the Complaint and Summons.

## III.  VENUE

7.      Plaintiff originally filed this action in the Superior Court for the State of Washington and for the County of King at Seattle.  Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending.

## IV.  PROCEDURAL REQUIREMENTS

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal.[1]  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court for the State of Washington and for the County of King at Seattle.

## V.  DEFENSES

9.      The removal of this action to the Western District of Washington does not waive Safelite's ability to assert any defense to this action.

## VI.  REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### A.    Plaintiff's Action is Pled as a Class Action

10.     Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedures or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

---

[1] In conformity with the requirement of 28 U.S.C. § 1446(a), that copies of all process, pleadings and orders served upon Defendants in the State Court Action be included with this notice of removal, the State Court Action case file, other than those documents already attached as Exhibits 1-3, is attached as **EXHIBIT 4**.

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF REMOVAL - 3

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

11.     The State Court Action has been styled as a class action, pursuant to Washington Superior Court Civil Rule 23.  *See* Complaint ¶1.  Wash. Super. Ct. Civ. R. 23 authorizes an action to be brought by one or more representative persons as a class action.  *See* Wash. Super. Ct. Civ. R. 23.

**B.     The Proposed Class Contains at Least 100 Members**

12.     Under 28 U.S.C. § 1332(d)(5)(B), district courts will have original jurisdiction over a class action case under CAFA if the number of members of the putative plaintiff class is no less than 100.

13.     This requirement is met here.  Plaintiff's Complaint proposes the following class:  "All individuals who (1) resided in Washington State, (2) were employed by Defendant(s) as mobile technicians and/or technicians (or any other similar position) (3) and who were paid in whole or in part, on Defendant's Performance Pay Plan ("PPP") and/or on any other piece-rate or commission basis and who, in fact, earned performance/incentive piece-rate pay instead of hourly pay during at least one pay period, (4) and who worked at least one shift of at least 4 hours in length at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court ("Class Period")."  Complaint ¶ 20.

14.     According to this proposed class definition, there are approximately 178 putative class members included in this case.  *See* Declaration of Benjamin DeMartini ("DeMartini Decl."), attached hereto as **Exhibit 5**, at ¶ 6.  Thus, the number of members of the putative class is sufficient to meet the Act's requirement for removal to federal court.

**C.     There is Diversity Between at Least One Putative Class Member and One Defendant**

15.     The Act's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C.

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 4

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1    §§ 1332(d)(2)(A); 1453(b).  Minimal diversity of citizenship exists here because Plaintiff and

2    Safelite Fulfillment, Inc. are citizens of different states.

3         16.    Here, Plaintiffs have defined their proposed classes to include "All individuals

4    who…resided in Washington State" who meet other specified criteria.  Complaint ¶ 20.

5    Therefore, class members are citizens of the State of Washington.

6         17.    Conversely, Defendant Safelite Fulfillment, Inc., is not a citizen of Washington.

7    For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the

8    state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

9         18.    Safelite is a corporation organized under the laws of the State of Delaware. Its

10   principal place of business is in Columbus, Ohio. For purposes of diversity jurisdiction,

11   therefore, Safelite is a citizen of Delaware and Ohio.

12        19.    The presence of Doe defendants in this case has no bearing on diversity with

13   respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

14   citizenship of defendants sued under fictitious names shall be disregarded").

15        20.    Accordingly, Plaintiffs are citizens of a State different from Safelite, and

16   diversity exists for federal jurisdiction under CAFA.  *See* 28 U.S.C. §§ 1332(d)(2)(A).

17        **D.    The Amount in Controversy Exceeds $5,000,000[2]**

18        21.    This Court has jurisdiction under CAFA, which authorizes the removal of class

19   actions in which, among the other factors mentioned above, the amount in controversy for all

20   class members exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

21

22

23

24   ───────────────
     [2]  Safelite provides the following calculations only to demonstrate that the amount in controversy exceeds
25   $5,000,000.  Safelite makes no admission of liability or damages with respect to any aspect of this case, nor does
     Safelite waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiffs prevail
     with any of their claims.

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 5

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1    22.    The removal statute requires that a defendant seeking to remove a case to

2  federal court must file a notice "containing a short and plain statement of the grounds for

3  removal." 28 U.S.C. § 1446(a).

4    23.    Plaintiff's Complaint is silent as to the total amount in controversy.  However,

5  Plaintiff's failure to specify the total damages or other monetary relief sought does not deprive

6  this Court of jurisdiction.  Rather, when the plaintiff fails to plead a specific amount of

7  damages, the defendant seeking removal "must prove by a preponderance of the evidence that

8  the amount in controversy requirement has been met."  *See Rodriguez v. AT&T Mobility Servs.*,

9  728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to

10  establish the amount in controversy is the preponderance of the evidence standard.").

11    24.    This burden is not onerous and does not obligate a removing defendant to

12  "research, state, and prove the plaintiff's claims for damages."  *Lewis v. Hartford Cas. Ins. Co.*,

13  2015 U.S. Dist. LEXIS 94253, at *4 (W.D. Wash. July 20, 2015) (citing *Korn v. Polo Ralph*

14  *Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008)).  Rather, "[t]he 'ultimate

15  inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a

16  defendant will *actually* owe."  *Id.* (quoting *Korn*, 536 F.Supp.2d at 1205).   In determining the

17  amount in controversy for CAFA, all potential damages based on the claims in the complaint,

18  as well as attorneys' fees, are included.  *See Dawsey v. Travelers Indem. Co.*, 2015 U.S. Dist.

19  LEXIS 93051, at *7 (W.D. Wash. July 16, 2015) (including attorneys' fees when determining

20  the amount in controversy for CAFA); *see also Campbell v. Vitran Express, Inc.*, 471 Fed.

21  App'x 646, 648 (9th Cir. 2012) (in measuring the amount in controversy, a court "must assume

22  that the allegations of the complaint are true and assume that a jury will return a verdict for the

23  plaintiff on all claims made in the complaint.") (quotations and citations omitted).

24    25.    The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC*

25  *v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 6

William, Kastner & Gibbs PLLC
601 Union St., Suite 4100
Seattle, Washington, 98101-2380
(206) 628 6600

6883561.1

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal, is supporting evidence required.  *See id.*  Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id*. at 553.

26.     Moreover, in establishing the amount in controversy, a removing party is entitled to make reasonable assumptions.  *Lewis*, 2015 U.S. Dist. LEXIS 94253, at *5 ("The appropriate measure of the amount in controversy must be based on a reasonable assumption.")

27.     Safelite denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiff in this case exceeds the sum of $5,000,000.

### 1)  Failure to Separately Pay for Non-Productive Rest Breaks

28.     In the First Cause of Action, Plaintiff alleges that he and the putative class members are entitled to recover unpaid compensation owed "separately and hourly for their times spent taking rest periods" under Washington law.  Complaint ¶ 31.  Plaintiff further alleges that Safelite "failed to pay Plaintiff and Class members separate and apart from the piece-rate for rest breaks during the class period…"  Complaint ¶ 37.

29.     Plaintiff alleges that "*At all relevant times*, while employed by Defendant as a mobile technician, Plaintiff worked approximately 5-6 days per week and approximately 10-11 hours per day for Defendant.  *At all relevant times*, while employed by Defendant as a technician, Plaintiff worked approximately 5-6 days per week and approximately 9 hours per day for Defendant."  Complaint ¶ 4 (emphasis added).

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 7

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

30.     Given Washington's requirement for a "rest period of not less than ten minutes, on the employer's time, for each for hours of working time" (WAC 296-126-092), Plaintiff is alleging that he did not receive pay for approximately 110 minutes per week (two ten-minute breaks per shift over 5 ½ shifts per week).

31.     "All relevant times" for purposes of Plaintiff's Complaint, includes the period of time from June 3, 2016, through April 2017.  *See* Complaint ¶¶ 4, 20 (asserting that Safelite's alleged piece-rate plan ceased in April 2017, and seeking a class period extending back "three years prior to the filing of the Complaint").

32.     Plaintiff's hourly rate as of April 2017 was $20.83 per hour.  *See* DeMartini Decl. ¶ 5.  Assuming 110 minutes of alleged non-productive rest breaks per week (1.83 hours), this amounts to an alleged underpayment of $38.12 per week.

33.     There are 47 full weeks between June 3, 2016 and the end of April 2017.  Thus, Plaintiff's alleged amount in controversy for the relevant time period relating to his first cause of action amounts to **$1,791.64** ($38.12 per week times 47 weeks).

34.     Multiplying Plaintiff's alleged damages across 178 putative class members[3] for the first cause of action equals **$318,911.92** ($1,290.15 times 239) in controversy.

### 2)  Failure to Separately Pay for Non-Productive Work Time

35.     In his Second Cause of Action, Plaintiff alleges that he also should have been separately paid for time spent in "non-productive" work in which he was not earning compensation based on Safelite's alleged "piece-rate scheme."  Complaint ¶ 42.  Plaintiff specifically alleges that he and the putative Class members "were not compensated for all work performed, including, but not limited to all time associated with loading company vans with equipment, cleaning company vans, traveling in company vehicles between the shop and the

---

[3] Plaintiff alleges that his claims are "typical of the claims of the members of the Class" (Complaint ¶ 22) and that "Common questions of law and fact exist as to all members of the class…" (Complaint ¶ 24).

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 8

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1   install site, paperwork, pre and post-installation inspections, meetings and orientations, and
2   telephone calls." *Id.*[4]

3       36.   If a technician (mobile or otherwise) were to perform the duties listed above, it
4   is reasonable to assume that it would amount to three hours per day.

5       37.   Again, Plaintiff alleges that he worked "5-6 days per week," (Complaint ¶ 4)
6   and that his experience was typical of the putative Class Members.  Complaint ¶¶ 22, 24.  This
7   amounts to an allegation of approximately 16.5 hours of non-productive work per week (three
8   hours per shift over 5 ½ shifts per week).

9       38.   "All relevant times" for purposes of Plaintiff's Complaint, includes the period of
10  time from June 3, 2016, through April 2017.  *See* Complaint ¶¶ 4, 20 (asserting that Safelite's
11  alleged piece-rate plan ceased in April 2017, and seeking a class period extending back "three
12  years prior to the filing of the Complaint").

13      39.   Plaintiff's hourly rate as of April 2017 was $20.83 per hour.  *See* DeMartini
14  Decl. ¶ 5.  Assuming 16.5 hours of alleged non-productive work per week, this amounts to an
15  alleged underpayment of $343.70 per week.

16      40.   There are 47 full weeks between June 3, 2016 and the end of April 2017.  Thus,
17  Plaintiff's alleged amount in controversy for the relevant time period relating to his first cause
18  of action amounts to **$16,153.90** ($343.70 per week times 47 weeks).

19      41.   Multiplying Plaintiff's alleged damages across 178 putative class members for
20  the second cause of action equals **$2,875,394.20** ($16,153.90 times 178) in controversy.

21

22

23  _____
    [4] Safelite does not concede that every technician would have performed these duties, or that those duties are "non-
24  productive."  Safelite also does not concede that these duties would take all technicians the same amount of time
    to perform, but instead contends that if technicians were to perform these duties, the frequency with which they
    were performed and the amount of time it would take to perform them could and would vary significantly from
25  technician to technician depending on a variety of factors.  Safelite makes its assumptions regarding these duties
    only for the purpose of determining an amount in controversy.

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 9

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1

**3) Double Damages**

2     42.     In his Fourth Cause of Action, Plaintiff alleges that Safelite "acted willfully and

3     with the intent of depriving its employees of the wages to which they were entitled under"

4     Washington law.  Complaint ¶ 52.  Plaintiff further alleges that, as a result of that alleged

5     willful failure, Plaintiff and the putative Class Member are entitled to "judgment for twice the

6     amount of wages owed."  Complaint ¶ 52.

7     43.     Multiplying the amount in controversy for Plaintiff's first and second causes of

8     action—$318,911.92 and $2,875,394.20, respectively—by two results in a total amount in

9     controversy of **$6,388,612.24**.  This is well above the $5,000,000.00 threshold required by

10    CAFA.  *See* 28 U.S.C. § 1332(d).

11    **4) Attorneys' Fees**

12    44.     Plaintiff also seeks to recover attorneys' fees.  Complaint Prayer For Relief at ¶

13    H.  Under CAFA, attorneys' fees are included in determining the amount in controversy,

14    regardless of whether they are mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142

15    F.3d 1150, 1155-56 (9th Cir. 1998); *see also Dawsey*, 2015 U.S. Dist. LEXIS 93051 at *2-3, 7

16    (calculating both statutory and "reasonable" attorneys' fees to determine the amount in

17    controversy under CAFA).  For class action settlements, the Ninth Circuit has found that 25

18    percent of the common fund is a reasonable attorneys' fees award.  *See Dawsey*, 2015 U.S.

19    Dist. LEXIS 93051 at *7 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.

20    1998) ("benchmark" level for reasonable attorneys' fees in class actions in the Ninth Circuit is

21    25%)).

22    45.     Therefore, "if Defendant can establish by a preponderance of the evidence that

23    the [amount in controversy is] at least $4 million dollars, the addition of twenty-five percent in

24    attorneys' fees would necessarily meet the $5 million amount in controversy requirement under

25    CAFA." *Garcia v. Wal-Mart Stores*, 2016 U.S. Dist. LEXIS 142807, 17-19 (C.D. Cal. Oct. 14,

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 10

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1  2016) (citing *Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763, 764 (9th Cir

2  2013).

3       46.    Here, as set forth above, there is "substantial, plausible evidence" that the

4  amount in controversy in Plaintiff's First, Second, and Fourth Causes of Action in the

5  Complaint totals $6,388,612.24—already surpassing the $5,000,000 threshold.  Still, a

6  conservative and reasonable estimate of Plaintiff's attorneys' fees is $1,597,153.06, which is

7  25% of the total amount in controversy for the other claims.  Thus, a reasonable calculation of

8  the total amount in controversy, based on the allegations in Plaintiff's Complaint and the data

9  cited herein, is **$7,985,765.30**.  This is well above the $5,000,000.00 threshold required by

10  CAFA.  *See* 28 U.S.C. § 1332(d).

11       47.    Although Defendants specifically denies Plaintiff's claims and denies Plaintiff

12  will recover any of the relief he seeks, it is clear from the allegations in the Complaint and the

13  scope of the relief sought that the amount in controversy exceeds the $5,000,000.00

14  jurisdictional threshold of 28 U.S.C. § 1332(d).

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 11

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

# VII.    CONCLUSION

48.    Thus, the total amount in controversy in this action is at least $7,985,765.30.[5]

49.    Based on the foregoing, Defendants respectfully requests that the Court remove the above-entitled action to federal court.

DATED this 2nd day of July, 2019.

WILLIAMS, KASTNER & GIBBS PLLC

By:  */s/ Sheryl J. Willert*

Sheryl J. Williams, WSBA #08617
Jeffery M. Wells, WSBA #45840

601 Union Street, Suite 4100
Seattle, WA  98101-2380
Tel:  (206) 628-6600
Email:  swillert@williamskastner.com
Email:  jwells@williamskastner.com

*Counsel for Safelite Fulfillment, Inc.*

---

[5] Safelite notes that this estimate does not include interest, which would only further increase the amount in controversy.

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 12

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 2, 2019, I caused to be served upon counsel of record at the address and in the manner described below a copy of the document to which this certificate is attached for delivery to the following:

| **Counsel for Plaintiff:**<br><br>Indian Lin Bodien, WSB #44898<br>2522 North Proctor St., #387<br>Tacoma, WA 98406<br>Email: india@indialinbodienlaw.com<br><br>Craig J. Ackermann, WSBA #53330<br>Brian Denlinger, WSBA # 53177<br>ACKERMAN & TILAJEF, P.C.<br>2602 North Proctor St., Ste. 205<br>Tacoma, WA 98406<br>Email: cja@ackermanntilajef.com<br>Email: bd@ackermanntilajef.com | ☑  Via CM / ECF<br>☑  Via Email |
| --- | --- |

Signed at Seattle, Washington this 2nd day of July, 2019.

<u>s/ Francine M. Artero</u>
Francine M. Artero, Legal Assistant
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: fartero@williamskastner.com

DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF
REMOVAL - 13

**William, Kastner & Gibbs PLLC**
**601 Union St., Suite 4100**
**Seattle, Washington, 98101-2380**
**(206) 628 6600**

6883561.1