HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11   MARIO E. YOUNG, JR.,

Case No. 2:19-cv-01027-JLR

12

13              Plaintiff,

**STIPULATED MOTION AND
[PROPOSED] ORDER STAYING CASE
PENDING WASHINGTON SUPREME
COURT'S RESOLUTION OF CERTIFIED
QUESTION IN *SAMPSON v. KNIGHT
TRANSPORTATION, INC.***

14      v.

15   SAFELITE FULFILLMENT, INC., et al.,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---

STIPULATED MOTION AND [PROPOSED] ORDER
STAYING CASE
CASE NO. 2:19-cv-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

1

## RECITALS

2     **WHEREAS**, on or about June 3, 2019, Plaintiff MARIO E. YOUNG, JR. ("Plaintiff") filed

3 the operative putative Class Action Complaint for Unpaid and Wrongfully Withheld Wages (the

4 "Complaint") in this action in the Superior Court of the State of Washington in and for the County of

5 King at Seattle [Dkt. #1-2];

6     **WHEREAS**, on July 2, 2019, Defendant SAFELITE FULFILLMENT, INC. ("Defendant")

7 removed Plaintiff's above-described state court action to this Court [Dkt. #1] invoking the subject

8 matter jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), which the parties

9 agree is properly invoked in this action;

10

## PLAINTIFF'S PUTATIVE UNPAID NON-PRODUCTIVE TIME CLAIMS

11     **WHEREAS**, in his Complaint, Plaintiff alleges, *inter alia*, that in *Carranza v. Dovex Fruit*

12 *Co.*, 190 Wash.2d 612 (2018) ("*Carranza*"), the Washington Supreme Court "held that employers

13 who pay agricultural workers on a piece-rate basis must compensate the workers on a separate hourly

14 basis for time spent performing activities that are outside the scope of the piece rate picking work"

15 and that "Defendant's PPP piece-rate compensation system is virtually indistinguishable from the

16 piece rate scheme[] in *Carranza* . . . ." [Dkt. #1-2, ¶¶ 16-17];

17     **WHEREAS**, in his Complaint, Plaintiff further alleges that, in *Sampson v. Knight*

18 *Transportation, Inc.*, No. 2:17-cv-00028-JCC, 2018 WL 2984825, at *8-9 (W.D. Wash. June 14,

19 2018) (Coughenour, J.), the court "recogniz[ed] that while ... non-productive time claims were

20 previously denied [class] certification" on the grounds that such claims were not cognizable under

21 Washington law, the court's prior holdings were "called into question by the Washington Supreme

22 Court's recent ruling in *Caranza* [*sic*]" [Dkt. #1-2, ¶ 16];

23     **WHEREAS**, based upon Plaintiff's interpretation of *Carranza* and *Sampson*, the Complaint

24 asserts causes of action for (1) Violations of RCW 49.46.020, 090 for Failure to Pay Minimum Wage

25 for All Hours Worked, (2) Violation of RCW 49.52.050(2) for Failure to Satisfy Wage Obligations

26 Assumed Through Contract, and (3) Double Damages for Willful and Intentional Withholding of

27 Wages Pursuant to RCW 49.52.050, 070 stemming therefrom [*id.*, ¶¶ 39-52];

28

STIPULATED MOTION AND [PROPOSED]
ORDER STAYING CASE
CASE NO. 2:19-cv-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

1     **WHEREAS**, in support of his Second and Third Causes of Action, Plaintiff alleges that

2  "Defendant paid its mobile technicians and technicians on a piece-rate scheme under which it did not

3  compensate mobile technicians and technicians separately and hourly, or at all, for … certain non-

4  installation tasks as required under Washington law," including, but not limited to, "loading company

5  vans with equipment, cleaning company vans, traveling in company vehicles between the shop and

6  the install site, paperwork, pre and post-installation inspections, meetings and orientations, and

7  telephone calls," and asserts that "Plaintiff seeks relief on a class-wide basis for unpaid wages for …

8  all work performed"  [*id.*, ¶¶ 2-3; *see also id*, at ¶¶ 13, 16-17, 42, 47];

9     **WHEREAS**, in *Sampson*, 2018 WL 2984825, at *8, currently pending but stayed in this

10  District, the plaintiffs similarly contend that the defendant's piece-rate compensation scheme violates

11  Washington's Minimum Wage Act (the "MWA") because there, "drivers are not paid minimum wage

12  for the time they spend conducting pre-trip inspections, completing paperwork, loading and

13  unloading the truck, and refueling";

14     **WHEREAS**, in *Sampson*, 2018 WL 2984825, at *9, the Court recognized that "[c]ourts in

15  this district … have previously held that Plaintiffs' on-duty, not driving [non-productive time] claims

16  are not cognizable under Washington law," but it reasoned that "these prior holdings are called into

17  question by the Washington Supreme Court's recent ruling in [*Carranza*]," on the grounds that the

18  Washington Supreme Court's "interpretation of the MWA would seem to apply to all employers,"

19  not just agricultural workers;

20     **WHEREAS**, the district court in *Sampson* "conclude[d] that the law underlying Plaintiffs' on-

21  duty, not driving [non-productive time] claim is not clearly determined, and that the Washington

22  Supreme Court is in a better position than this Court to answer this question," *see id.*, and therefore

23  certified the following question to the Washington Supreme Court: "Does the Washington Minimum

24  Wage Act require non-agricultural employers to pay their piece-rate employees per hour for time

25  spent performing activities outside of piece-rate work?";

26     **WHEREAS**, briefing on the district court's certified question in *Sampson* was completed in

27  the Washington Supreme Court on December 21, 2018, the Washington Supreme Court heard oral

28

STIPULATED MOTION AND [PROPOSED]
ORDER STAYING CASE
CASE NO. 2:19-cv-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

1   argument in *Sampson* on May 16, 2019, and the Court has not yet rendered its decision in that

2   proceeding;

3   **WHEREAS**, the parties agree that the Washington Supreme Court's resolution of the

4   question certified in *Sampson* may directly impact the disposition of Plaintiff's claims asserted in this

5   action, which assert an unpaid non-productive time wages claim similar to that asserted by the

6   plaintiffs in *Sampson*;

7   **WHEREAS**, the parties' agree that a stay of this case pending the Washington Supreme

8   Court's resolution of the certified question in *Sampson v. Knight Transportation, Inc.* (Wash. S.Ct.

9   Case No. 96264-2), which could bear directly upon Plaintiff's putative "non-productive" time unpaid

10  wage claims in this action, would be prudent and efficient for both the Court and the parties, and that

11  good cause exists to stay this case pending resolution of the *Sampson* case, but with a full reservation,

12  and without waiver or limitation, of the parties' respective rights, claims, remedies, defenses, and

13  positions in this action including as to the issues recited above. A stay will also permit the parties to

14  engage in early mediation for this matter following the exchange of informal discovery, and the

15  parties currently aim to attend private mediation in early 2020.

16  **<u>STIPULATION</u>**

17  **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between

18  Plaintiff, on the one hand, and Defendant, on the other hand, by and through their respective

19  undersigned counsel, and subject to the Court's approval, that:

20  1.   The dates set forth in the Court's Rule 16(B) and Rule 23(D)(2) Scheduling Order

21  Regarding Class Certification Motion [Dkt. #13], and all other deadlines currently set in this action

22  be vacated, including without limitation Plaintiff's deadline to complete discovery on class

23  certification and to move for class certification;

24  2.   This action be stayed, in its entirety and for all purposes, pending the Washington

25  Supreme Court's decision on the certified question in *Sampson v. Knight Transportation, Inc.*, Wash.

26  S.Ct. Case No. 96264-2;

27

28  STIPULATED MOTION AND [PROPOSED]                    ACKERMANN & TILAJEF, P.C.
    ORDER STAYING CASE                                  2602 North Proctor St., #205
    CASE NO. 2:19-cv-01027-JLR                          Tacoma, Washington 98406
                                                        T. (253) 625-7720 | F. (253) 276-0081

1   3.   Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson*,

2   the parties shall file a joint status report with the Court that (1) informs the Court regarding that

3   Court's decision, (2) sets forth the parties' respective and/or collective positions as to whether the

4   stay should remain in effect, and (3) provides the Court with agreed-upon and/or proposed deadlines

5   for [i] completion of discovery on class certification and for Plaintiff to move for class certification

6   under Fed. R. Civ. P. 23; and [ii] submission of an updated Joint Status Report and Discovery Plan.

7   4.   By entering into and submitting this Stipulated Motion, the parties fully reserve, and

8   do not waive or limit, their respective rights, claims, remedies, defenses, and positions in this action,

9   including as to the issues recited above.

10

11   DATED:  August 26, 2019                                Respectfully submitted,

12   */s/ India Lin Bodien*                                   */s/ Michael J. Shoenfelt*

India Lin Bodien, WSBA #44898                       Michael J. Shoenfelt (Pro Hac Vice)
13
Law Offices of India Bodien, Esq.                     Andrew C. Smith (Pro Hac Vice)
14   2522 North Proctor Street, #387                       Daniel J. Clark (Pro Hac Vice)
Tacoma, WA 98406-5338                              VORYS, SATER, SEYMOUR AND PEASE
15   Phone: (253) 212-7913                                LLP
Email: india@indialinbodienlaw.com                  52 E. Gay St.
16                                                         Columbus, OH 43215
Craig J. Ackermann, WSBA #53330                    Phone:  (614) 464-5497
17   Brian Denlinger, WSBA #53177                        Fax:     (614) 719-4760
18   ACKERMANN & TILAJEF, P.C.                         Email:  mjshoenfelt@vorys.com
1180 South Beverly Drive, Suite 610                          acsmith@vorys.com
19   Los Angeles, California 90035                               djclark@vorys.com
Phone: (310) 277-0614
20   Fax:    (310) 277-0635                               Sheryl J. Willert, WSBA #08617
Email: cja@ackermanntilajef.com                     Jeffrey M. Wells, WSBA #45840
21           bd@ackermanntilajef.com                      WILLIAMS, KASTNER & GIBBS PLLC
22                                                         601 Union Street, Suite 4100
Attorneys for Plaintiff                               Seattle, WA 98101-2380
23   MARIO E. YOUNG, JR.                                Phone: (206) 628-6600
Email:  swillert@williamskastner.com
24                                                                jwells@williamskastner.com

25                                                         Attorneys for Defendant
26                                                         SAFELITE FULFILLMENT, INC.

27

28   STIPULATED MOTION AND [PROPOSED]                              ACKERMANN & TILAJEF, P.C.
ORDER STAYING CASE                                          2602 North Proctor St., #205
CASE NO. 2:19-cv-01027-JLR                                   Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

1

# ~~[PROPOSED]~~ ORDER

2   This matter came before the Court on the parties' Stipulated Motion Staying Case Pending

3   Washington Supreme Court's Resolution of Certified Question in *Sampson v. Knight Transportation,*

4   *Inc.* (the "Stipulated Motion"). The Court, having reviewed the Stipulated Motion, and good cause

5   appearing for the relief sought therein, hereby orders as follows:

6   1.   The dates set forth in the Court's Rule 16(B) and Rule 23(D)(2) Scheduling Order

7   Regarding Class Certification Motion [Dkt. #13], and all other deadlines currently set in this action

8   shall be and hereby are vacated, including without limitation Plaintiff's deadline to complete

9   discovery on class certification and to move for class certification;

10   2.   This action shall be and hereby is stayed, in its entirety and for all purposes, pending

11   the Washington Supreme Court's decision on the certified question in *Sampson v. Knight*

12   *Transportation, Inc.*, Wash. S.Ct. Case No. 96264-2;

13   3.   Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson*,

14   the parties shall file a joint status report with the Court that (1) informs the Court regarding that

15   Court's decision, (2) sets forth the parties' respective and/or collective positions as to whether the

16   stay should remain in effect, and (3) provides the Court with agreed-upon and/or proposed deadlines

17   for [i] completion of discovery on class certification and for Plaintiff to move for class certification

18   under Fed. R. Civ. P. 23; and [ii] submission of an updated Joint Status Report and Discovery Plan.

19   4.   The parties' entering into and submission of this Stipulated Motion is without waiver

20   or limitation of their respective rights, claims, remedies, defenses, and positions in this action,

21   including as to the issues recited therein.

22   **IT IS SO ORDERED.**

23   DATED this **3**ʳᵈ day of _____**Sept.**_____, 2019.

24

25

26   _____
     THE HONORABLE JAMES L. ROBART

27   UNITED STATES DISTRICT JUDGE

28

STIPULATED MOTION AND [PROPOSED]
ORDER STAYING CASE
CASE NO. 2:19-cv-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

1

### CERTIFICATE OF SERVICE

2      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the

3 CM/ECF system that will send notification of such filing to the following:

4

5      Michael J. Shoenfelt (Pro Hac Vice)          Sheryl J. Willert, WSBA #08617
       Andrew C. Smith (Pro Hac Vice)               Jeffrey M. Wells, WSBA #45840
6      Daniel J. Clark (Pro Hac Vice)               WILLIAMS, KASTNER & GIBBS PLLC
       VORYS, SATER, SEYMOUR AND PEASE              601 Union Street, Suite 4100
       LLP                                          Seattle, WA 98101-2380
7      52 E. Gay St.                                Phone:  (206) 628-6600
       Columbus, OH 43215                           Email:  swillert@williamskastner.com
8      Phone:  (614) 464-5497                               jwells@williamskastner.com
       Fax:     (614) 719-4760
9      Email:   mjshoenfelt@vorys.com
                acsmith@vorys.com
10              djclark@vorys.com

11

12     I further certify that I mailed a true and correct copy of the foregoing to the following non-

13 CM/ECF participant:  N/A.

14

15     Executed on August 27, 2019, at Los Angeles, California.

16

17

18                          _/s/ Jaclyn Blackwell_____
                            Jaclyn Blackwell
19                          Office Manager

20

21

22

23

24

25

26

27

28

---

STIPULATED MOTION AND [PROPOSED]                    ACKERMANN & TILAJEF, P.C.
ORDER STAYING CASE                                  2602 North Proctor St., #205
CASE NO. 2:19-cv-01027-JLR                          Tacoma, Washington 98406
                                                    T. (253) 625-7720 | F. (253) 276-0081