HONORABLE JAMES L. ROBART
HEARING DATE: DECEMBER 2, 2020
MOVING PARTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **MARIO E. YOUNG, JR.**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SAFELITE FULFILLMENT, INC.**, a Delaware Corporation, and **DOES 1-10**, inclusive,<br><br>Defendant. | Case No.: **2:19-CV-01027-JLR**<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 2, 2020<br>Time: 9:00 a.m. |

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................................1

II.  THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED .............1

III. TERMS OF THE SETTLEMENT........................................................................3

IV.  THE SETTLEMENT SHOULD BE FINALLY APPROVED ...................................4

A.   The Settlement Satisfied the Requirements of Fed. R. Civ. P. 23..................4

B.   The Settlement is Fair, Reasonable and Adequate .......................................4
     1. The Parties Engaged in Arm's Length Negotiations .......................5
     2. Significant Discovery and Investigation................................................5
     3. Class Counsel's Opinion................................................................6

V.   CONCLUSION ........................................................................................8

i

# TABLE OF AUTHORITIES

**CASES**

*Ayala v. U.S Xpress Enterprises, Inc.*,
 Case No. 5:16-cv-00137, 2019 U.S. Dist. LEXIS 77089 (C.D. Cal. May 2, 2019) ................ 8

*Barani v. Wells Fargo,*
 No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838 (S.D. Cal. Apr. 9, 2014) ........... 7

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ........................................................................... 5, 8, 9

*Hughes v. Microsoft Corp.,*
 No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .... 6

*In re Mego Fin. Corp. Sec. Litig.*,
 213 F.3d 454 (9th Cir. 2000) ........................................................................... 9

*In re Mercury Interactive Corp. Sec. Litig.*,
 618 F.3d 988 (9th Cir. 2010). ........................................................................... 2

*Lewis v. Starbucks Corp.,*
 No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008) ........... 7

*Rodriguez v. West Publishing Corp.,*
 Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Sept. 10, 2007) . 6

*Slack v. Swift Transportation Co. of Arizona, LLC*,
 Case No. C1-5843 BHS, 2013 U.S. Dist. LEXIS 165998 (Nov. 20, 2013) ........................... 7

*Staton v. Boeing Co.*,
 327 F. 938 (9th Cir. 2003) ........................................................................... 5

*Williams v. Costco Wholesale Corp.*,
 No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731 (S.D. Cal. Jul. 7, 2010) ................ 3

**DOCKETED CASES**

*Kidwell v. Haney Truck Line, LLC,*
 Case No. 16-2-04888-34 (Wash. Sup. Ct. Thurston Cty. May 4, 2018).................................. 8

*Lindholm v. Tate Transp., Inc.*,
 Case No. 17-2-00013-3 (Wash. Sup. Ct. Walla Walla Cty. June 29, 2017)............................ 8

ii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

*Mitchell v. Signature Transport,*
    Case No. 18-2-00221-08 (Wash. Sup. Ct. Cowlitz Cty. Nov. 21, 2018) ................................. 8

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................... 4, 5

**TREATISES**

*Newberg on Class Actions* § 13.50 (5th ed.) ............................................................................ 7

iii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

## I. INTRODUCTION

Plaintiff Mario E. Young, Jr. ("Plaintiff") respectfully moves the Court for a final order approving the Settlement Agreement ("SA") reached with Defendant Safelite Fulfillment, Inc. ("Defendant" or "Safelite"). The Settlement created a $75,000.00 gross fund, from which Class Counsel's attorneys' fees and costs and the Class Representative Service Award are deducted, to create a Net Settlement Amount of $38,500.00. Because no Class Members opted out of the Settlement, all 120 Class Members will be paid out of the Net Settlement Amount based on their number of shifts worked in weeks where "Performance Pay Plan" ("PPP") compensation was paid. SA ¶ 39(b).

Following a comprehensive notice program, including mailing of the Court-approved Notice by the court-appointed settlement administrator to 120 Class Members, ***not a single Class Member has objected to the Settlement, and no Class Members opted out***. Declaration of Jennifer Mills for Rust Consulting, Inc. ("Mills Decl.) ¶¶ 14-15 filed herewith. Because no Class Members requested exclusion from the Settlement, all 120 Class Members will receive their pro-rated share of the Net Settlement Amount of $38,500.00. The average settlement payment to the Class Members is $320.83[1].

The positive reaction of the Class and complete lack of any objectors clearly supports the Court's finding at Preliminary Approval that the Settlement is fair, adequate, and reasonable. Accordingly, Plaintiff respectfully requests the Court to grant final approval of the Settlement.

## II. THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED

### A. Dissemination of Notice Packets

In compliance with the Court's Order Granting Preliminary Approval, on June 18, 2020, Defendant provided the Settlement Administrator with a list containing names, last known address, and applicable employment information for each Class Member. Mills Decl. ¶ 5. The Settlement Administrator performed a search for updated addresses; and subsequently, on July

---

[1] $38,500.00/120 Class Members

- 1 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

31, 2020, the Settlement Administrator mailed the court-approved Notice to 120 Class Members. *Id.* ¶¶ 8-9.

Of the 120 Notice packets mailed to Class Members, 8 were returned without a forwarding address. *Id.* ¶ 10. The Settlement Administrator promptly performed an address trace and re-mailed all returned Notices to updated addresses. *Id.* In the end, only 3 Notice packets – 2.5% of the Notices - were deemed undeliverable. *Id.* As a result, 97.5% of Class Members have received Notice of the Settlement.[2]

### B. Motion for Attorneys' Fees, Costs, Expenses and Service Award

Following mailing of the Notice Packets, Class Members had forty-five (45) days to opt-out or object to the Settlement. SA ¶ 46. This gave the class ample opportunity to review and prepare objections to the requested fees. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). **No Class Member objected to the requested attorneys' fees, costs, or service awards**. Mills Decl. ¶ 15.

### C. No Objections and No Opt-outs

The Notice provided detailed instructions on how to opt out or object and provided a September 14, 2020 deadline to do so. **Not a single Class Member submitted an objection**. *Id.* ¶ 15. In addition, no Class Members opted out by the exclusion deadline. *Id.* ¶ 14. Such unanimity of approval is a strong sign that the settlement terms are fair, reasonable and adequate. *See Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731, at *13 (S.D. Cal. Jul. 7, 2010) ("The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement.").

### D. Shifts Worked Challenges

The Notice also provided detailed instructions on how Class Members could challenge the

---

[2] Under the rules and law governing class actions, reasonable efforts must be made to reach all class members through the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class Notice (which is often impossible and/or impracticable). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010).

- 2 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

employment data included in their Claim Forms. No Class Members submitted valid disputes. Mills Decl. ¶ 13.

### III.  TERMS OF THE SETTLEMENT

A summary of the Settlement terms are as follows:

1.  **Settlement Fund** – Safelite will pay $75,000.00 ("Gross Settlement Amount") plus additional costs up to $7,500.00 for settlement administrator's expenses and employer side payroll taxes. After the Court-approved deductions from the Gross Settlement Amount including attorneys' fees (up to $22,500.00), costs ($7,000.00), and service award for the Class Representative ($7,000.00), approximately $38,500.00 (the "Payout Fund") will be available to pay the Class Members ("Settlement Shares"). Dkt. 24 at 2.

2.  **Class Definition and Class Period** – The Court's Order Granting Preliminary Approval ("PAO") defines the Class as "all individuals who (1) resided in Washington State, (2) were employed by Defendant as mobile technicians and/or technicians (or any similar position), (3) and who were paid, in whole or in part, on Defendant's Performance Pay Plan ('PPP') and who, in fact, earned PPP incentive pay during at least one pay period, (4) and who worked at least one shift of at least 4 hours in length at any time from June 3, 2016 to April 21,2017 (collectively, 'Class Members' or 'Class'). Dkt. 22 at 3.

3.  **Class Member Response Deadlines**: Class Members had 45 days following the mailing of the Notice packets to opt-out of the settlement; object to the settlement; or challenge the individualized computation of the share each Class Member can claim from the Payout Fund that was included in each Notice packet. Dkt. 22 at 4. All Class Members, except those who opted out, are part of the Class and will be bound by any final rulings of the Court. As stated above, as of the date of this motion, no Class Members objected, and no Class Members opted out.

4.  **Class Counsel's Attorneys' Fees and Costs**: Class Members were notified on Class Counsel's Attorneys' Fees and Costs in the Notice Packet. No Class Members objected to the requested fees and costs.

5.  **Class Representative Service Award**– Plaintiff's Counsel requested an award of $7,000.00 for the Class Representative for his role in initiating this Action and acting as the Class Representative, for services provided in furtherance of this Action, for the risks undertaken for payment of costs in the event this Action was unsuccessful, and for any stigma he may suffer going forward due to having filed a class action complaint against an employer. No Class Members objected to the requested Service Award.

6.  **Settlement Administration Costs**: Defendant has agreed to pay the settlement administrator's costs up to $7,500.00. The actual costs totaled $7,440.00.

### IV.  THE SETTLEMENT SHOULD BE FINALLY APPROVED

#### A.  The Settlement Satisfied the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons for which Plaintiff satisfies those requirements, were set forth in detail in Plaintiff's Motion for Preliminary Approval. Dkt. 23 at 5-8. In its Order Granting Preliminary Approval, the Court conditionally granted Fed. R. Civ. P. 23 certification of the class, subject to final approval. Dkt. 24 at p. 2.

#### B.  The Settlement is Fair, Reasonable and Adequate

Fed. R. Civ. P. 23 (e) provides that "[a] class action shall not be dismissed, settled, or compromised without the approval of the Court, and notice of the proposed dismissal, settlement or compromise shall be given as the Court directs." "The court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(1)(C). Thus, in order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable. *Id.* at 23(e)(1)(C); *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). The court has broad discretion to grant final approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

"To determine whether a settlement agreement meets these standards, a district court must

- 4 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton*, 327 F.3d at 959 (citations omitted).

Importantly, there is a presumption of fairness if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 at *32-33 (C.D. Cal. Sept. 10, 2007) (citations omitted). See also *Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001), quoting Manual for Complex Litigation (Third) 30.42 (1995) ("'A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.'").

### 1. The Parties Engaged in Arm's Length Negotiations

The Settlement was a product of intensive, adversarial litigation between the Parties. On February 13, 2020 the Parties attended a full-day mediation session before an experienced and well-respected mediator, Louis Peterson. Prior to attending mediation, the Parties drafted detailed mediation briefs, supported by the evidence. Dkt. 22 at 14. After intensive arm's-length negotiations, the Parties reached a settlement in general terms and reduced the terms to writing in a Memorandum of Understanding ("MOU") that was fully executed. The terms of the MOU are fully specified in the Settlement Agreement before this Court. *Id*. at 15.

### 2. Significant Discovery and Investigation

The Parties exchanged informal discovery to reasonably assess the merits of their respective positions. In January 2020, after Plaintiff's counsel sent a request for informal

- 5 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

discovery to Defense counsel, Defendant's counsel provided Plaintiff's counsel with a set of responsive documents including *inter alia*, a class list spreadsheet showing the Class Members' dates of employment; Plaintiff's personnel file documents and sample pay statements; Defendant's compensation policies and handbooks; Defendant's break policies; and responses to some of Plaintiff's class data requests. Dkt. 22 at 15.

Plaintiff analyzed the documents and data exchanged during informal discovery and drafted a detailed mediation brief. As discussed above. the Parties attended a full-day mediation before an experienced and well-respected mediator. The Parties were able to settle the Action at mediation under the terms of the Settlement Agreement.

It was only after the Parties investigated and evaluated the strengths and weaknesses of the case, and attended a full-day mediation with a skillful mediator Louis Peterson, that the settlement was reached. Thus, despite the early stage in the litigation, Plaintiff engaged in substantial discovery and obtained "sufficient information to make an informed decision about settlement." *Newberg on Class Actions* ("*Newberg*") § 13.50 (5th ed.) (quoting *Barani v. Wells Fargo,* Case No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838, at * 13 (S.D. Cal. Apr. 9, 2014). *See also Lewis v. Starbucks Corp.,* Case No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008) ("[A]pproval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases.")

### 3.  Class Counsel's Opinion

When assessing the fairness of a proposed settlement, the court must consider the views and experience of counsel. *Hanlon*, 150 F.3d at 1026. It is the view of Class Counsel that the settlement is fair, reasonable, and adequate. The average net recovery under the Settlement is estimated to be $320.83[3] per Class Member, which is comparable to other rest break settlements for piece-rate workers approved by Washington courts in which Plaintiff's Counsel was putative

---

[3] $38,500.00 Net Settlement Amount/120 Class Members

- 6 -

class counsel, including *Reducindo v. Evans Fruit Co., Inc.,* Case No. 17-2-00459-39 (Wash. Sup. Ct. Yakima Cty., March 9, 2018) (unpaid rest break claims settlement with an average recovery of $359.47 per class member); *Ayala v. Olsen Brothers Ranches, Inc.*, Case No. 17-2-01046-1 (Wash. Sup. Ct. Benton Cty., July 17 2018) (unpaid rest break claim settlement with an average recovery of $215.46 per class member); and *Hernandez v. Taylor Shellfish Company, Inc.*, Case No. 18-2-00221-08 (Wash. Sup. Ct. Skagit Cty., June 7, 2019) (unpaid rest break settlement with an average recovery of $358.34 per class member). This analysis demonstrates that the amount offered in the settlement is adequate and unquestionably reasonable.

The result obtained here is particularly impressive when considering the possibility of unfavorable decisions on class certification (based on individualized issues predominating), summary judgment (based on non-actionability of claims—which occurred by way of the *Sampson vs. Knight Transp., Inc.*[4] decision), at trial (with Defendant arguing that its PPP compensation covered pay for rest breaks), and/or on the damages awarded (i.e., that no double damages would be awarded because Defendant did not willfully fail to pay), and/or on an appeal that would all take several more years to litigate. There is also the risk of Plaintiff not prevailing on one or more of the underlying claims due to factors such as the risk that a court may not award exemplary damages based on a lack of willfulness or difficulties in establishing bad faith; the risk of no recovery on Plaintiff's Wage Rebate Act claims; and the transaction costs and time of litigation.

### 4. The Settlement is Unanimously Supported by the Class

No Class Member has filed an objection nor opted-out of the Class. Mills Decl. ¶¶ 14-15. This indicates that the overwhelming majority of Class Members favor the Settlement. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the

---

[4] On September 5, 2019, the Washington Supreme Court issued a decision in *Sampson v. Knight Transp., Inc.,* 193 Wn.2d 878 (Wash. Sept. 5, 2019). The Washington Supreme Court in *Sampson* held that the Washington Minimum Wage Act (WMWA) does not require non-aicultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work. Therefore, Plaintiff's second cause of action was extinguished before the Parties resolved this action.

- 7 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (presence of only one opt-out supports district court's approval of settlement).

## V. CONCLUSION

For the foregoing reasons, Plaintiff, on behalf of himself and the Class, respectfully requests the Court to enter the Proposed Order, filed herewith, finally approving the Settlement Agreement and to enter final judgment in this case.

Dated: October 16, 2020                        Respectfully submitted,

*/s/Craig J. Ackermann*
ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, WSBA No. 53330
Brian Denlinger, WSBA No. 53177
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
Email: cja@ackermanntilajef.com
Email: bd@ackermanntilajef.com

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien, WSBA No. 44898
2522 North Proctor St., Suite 387
Tacoma, WA 98406
Telephone: (253) 212-7913
Facsimile: (253) 276-0081
Email: india@indialinbodienlaw.com

- 8 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

# CERTIFICATE OF SERVICE

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 16th day of October 2020, I caused to be electronically filed the foregoing Motion, along with Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Service Award; the accompanying Declarations of Craig Ackermann, India Lin Bodien, Mario E. Young, Jr., and Jennifer Mills of Rust Consulting, Inc.; and the Proposed Order, with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

| | |
|---|---|
| Michael J. Shoenfelt (Pro Hac Vice) | Sheryl J. Willert, WSBA #08617 |
| Andrew C. Smith (Pro Hac Vice) | Jeffrey M. Wells, WSBA #45840 |
| Daniel J. Clark (Pro Hac Vice) | WILLIAMS, KASTNER & GIBBS PLLC |
| VORYS, SATER, SEYMOUR & PEASE LLP | 601 Union Street, Suite 4100 |
| 52 E. Gay St. Columbus, OH 43215 | Seattle, WA 98101-2380 |
| Phone: (614) 464-5497 | Phone: (206) 628-6600 |
| Fax: (614) 719-4760 | Email: swillert@williamskastner.com |
| Email: mjshoenfelt@vorys.com | jwells@williamskastner.com |
| acsmith@vorys.com | |
| djclark@vorys.com | |

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

          /s/Jaclyn Blackwell
          Jaclyn Blackwell
          Office Manager
          ACKERMANN & TILAJEF, P.C.