1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HONORABLE JAMES L. ROBART
HEARING DATE: DECEMBER 2, 2020
MOVING PARTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

**MARIO E. YOUNG, JR.**, individually and on behalf of all others similarly situated,

      Plaintiff,

vs.

**SAFELITE FULFILLMENT, INC.**, a Delaware Corporation, and **DOES 1-10**, inclusive,

      Defendant.

Case No.: **2:19-CV-01027-JLR**

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Date: December 2, 2020
Time: 9:00 a.m.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT – Case No. 2:19-CV-01027-JLR

The Court, having read and considered all of the papers of the Parties and their counsel, including Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Service Award, filed on October 16, 2020; having granted preliminary approval on June 18, 2020 ("Preliminary Approval Order"); and good cause appearing, pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"), HEREBY ORDERS AS FOLLOWS:

1. The Court grants final approval of the Settlement based upon the terms set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement") attached hereto as Exhibit 1.

2. For settlement purposes only, the Court certifies the Class, as defined in the Court's June 18, 2020 Order Granting Conditional Certification of Settlement Class and Preliminary Approval of Settlement as follows:

> All individuals who (1) resided in Washington State, (2) were employed by Defendant as mobile technicians and/or technicians (or any similar position), (3) and who were paid, in whole or in part, on Defendant's Performance Pay Play ("PPP") and who, in fact, earned PPP incentive pay during at least one pay period, (4) and who worked at least one shift of at least 4 hours in length at any time from June 3, 2016 to April 21, 2017 (collectively, "Class Members" or the "Class")

3. The Court hereby finds that the Notice of Proposed Class Action Settlement, as mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement, the manner in which Class Members could object to the settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines

PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – Case No. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1    that, since there were no requests for exclusion, all 120 Class Members are bound by this final

2    Order and shall be deemed to have released any claims described in the Settlement Agreement

3    (the "Released Claims").

4         4.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate

5    as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length

6    negotiations between the Parties, and further, that the Settlement Agreement is consistent with

7    public policy, and fully complies with all applicable provisions of law. Accordingly, the Court

8    hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP

9    23(e)(1), and specifically:

10        a.    Approves the $75,000.00 Gross Settlement Amount;

11        b.    Approves the distribution of the Payout Fund to Participating Class

12   Members in the manner specified in and subject to the terms of the Settlement Agreement;

13        c.    Approves the Class Representative Service Award of $7,000.00 to the

14   Class Representative;

15        d.    Approves Class Counsel's requested fees award of $22,500.00, which is

16   thirty percent (30%) of the Gross Settlement Amount, and is to be paid from the Gross Settlement

17   Amount;

18        e.    Approves Class Counsel's request for reimbursement of litigation

19   expenses of $7,000.00 to be paid from the Gross Settlement Amount; and

20        f.    Approves payment to Rust Consulting, Inc., the Settlement Administrator,

21   of Administration Costs in the amount of $7,440.00 to be paid by Defendant above the Gross

22   Settlement Amount; and

23        g.    Approves and orders that in all other particulars the Settlement Agreement

24   be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

25        5.    The Court orders that, following the Effective Date as defined in the Settlement

26   Agreement, the Parties and the Settlement Administrator shall carry out the following

27                                              3

28   PROPOSED] ORDER GRANTING PLAINTIFF'S                    ACKERMANN & TILAJEF, P.C.
     MOTION FOR FINAL APPROVAL OF CLASS                    2602 NORTH PROCTOR STREET, STE. 205
     ACTION SETTLEMENT – Case No. 2:19-CV-01027-JLR              TACOMA, WA 98406
                                                            P: (253) 625-7720   F: (253) 276-0081

implementation schedule for further actions and proceedings:

| Within 10 calendar days of Effective Date | Deadline for Defendant to fund the settlement |
|---|---|
| Within 21 calendar days of the Effective Date | Deadline for Settlement Administrator to mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment |
| 90 days after issuance of Settlement checks | Uncashed checks shall be sent by the Settlement Administrator to the Washington State Department of Revenue Unclaimed Property Fund with the associated name of the Class Member |

6.     This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the  terms of the Settlement Agreement have been fully carried out.

7.     Upon the Settlement Effective Date, Plaintiff and all Class Members who have not timely and properly excluded themselves from the Settlement Agreement shall be and hereby are enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings with respect to the Released Claims.

**IT IS SO ORDERED.**

Dated: December 3, 2020

HON. JAMES L. ROBART
UNITED STATES DISTRICT COURT

4

PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – Case No. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

# EXHIBIT 1

# SETTLEMENT AGREEMENT

Subject to the approval of the United States District Court for the Western District of Washington, Plaintiff Mario E. Young, Jr., individually and on behalf of all Class Members, as defined herein, and Defendant Safelite Fulfillment, Inc., a Delaware corporation, ("Safelite" or "Defendant"), agree to the terms of this joint settlement agreement and release (the "Settlement").

## I.    DEFINITIONS

For the purposes of the Settlement, any word or phrase that is presented in initial capital letters (e.g., Class Member), is a word or phrase defined herein.

1.    "Action" shall mean the civil action currently pending in United States District Court for the Western District of Washington, entitled "*Mario E. Young, Jr., individually and behalf of all others similarly situated, Plaintiff, v. Safelite Fulfillment, Inc., a Delaware corporation, Defendant.*" Case No. 2:19-cv-01027-JLR. The Action was filed on June 3, 2019 in King County Superior Court (King County Superior Court Case No. 19-2-14782-2 SEA) and was removed to the United States District Court for the Western District of Washington on July 2, 2019.

2.    "Check Cashing Period" shall mean the 90-day period commencing the date on which the Settlement Proceeds are mailed to the Class Members.  After the 90-day Check Cashing Period, any uncashed proceeds shall be dispersed as set forth in Section III, paragraph 36, below.

3.    "Class Counsel" shall mean Craig Ackermann and Brian Denlinger of Ackermann & Tilajef, P.C. and India Lin Bodien, Attorney at Law;

4.    "Class Member" shall mean all individuals who (1) resided in Washington State, (2) were employed by Defendant as mobile technicians and/or technicians (or any similar position), (3) and who were paid, in whole or in part, on Defendant's Performance Pay Plan

("PPP") and who, in fact, earned PPP incentive pay during at least one pay period, (4) and who worked at least one shift of at least 4 hours in length at any time from June 3, 2016 to April 21, 2017 (collectively, "Class Members" or "Class"). As of February 13, 2020, Defendant represents there are approximately 122 Class Members.

5.      "Response Deadline" shall mean the date by which Share Forms must be postmarked and/or received by the Settlement Administrator if any Class Member wishes to opt out of the Settlement, file an objection to the Settlement, or challenge their Settlement Share. The Response Deadline shall be forty-five (45) calendar days from the mailing of the Class Notice and Share Form.

6.      "Settlement Share", "Settlement Proceeds", or "Individual Settlement Payment" shall mean the amount of money allocated to each Class Member pursuant to paragraph 39 of this Settlement.

7.      "Class Period" shall mean the period from June 3, 2016 through April 21, 2017;

8.       "Class Representative," "Plaintiff" and "Named Plaintiff" shall mean Mario E. Young, Jr., the person identified as named Plaintiff in the Complaint;

9.       "Court" shall mean the United States District Court for the Western District of Washington;

10.      "Defendant," "Safelite," or the "Company" shall mean Safelite Fulfillment, Inc., a Delaware corporation;

11.      "Final" shall mean the latest of the following dates, as applicable:  the date the Court has rendered a Final Judgment of the Settlement and either (i) the U.S. Supreme Court has rendered a final judgment affirming the Court's approval without material modification and the applicable date for seeking further appellate review has passed, or (ii) the applicable date for

seeking appellate review of the Court's Final Judgment of the Settlement has passed without a timely appeal or a request for review having been made.

12.     "Final Judgment" shall mean the order granting final approval of the class action settlement entered by the Court.

13.     "Gross Settlement Amount" shall mean the all-inclusive settlement amount of $75,000.00 that Defendant will be obligated to pay in connection with the Settlement, excluding (i) the employer portion of the payroll taxes on the wage component of the Class Member settlement awards, and (ii) the fees and expenses for the settlement administrator mutually selected by the parties (but in no case more than $7,500.00), both of which shall be paid by Defendant on top of the Gross Settlement Amount. From the Gross Settlement Amount will be deducted all costs incurred in connection with the Settlement, including: Plaintiff's Class Representative Payment ($7,000.00); Class Counsels' attorneys' fees and expenses (including all attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement, and obtaining a dismissal of the Action) of 30% of the Gross Settlement Amount, i.e., $22,500.00 in fees, and $7,000.00 in costs and expenses); and any additional fees and expenses for the settlement administrator above the $7,500.00 amount being funded by the Defendant on top of the Gross Settlement Amount. The amount remaining in the Gross Settlement Amount after all applicable deductions shall be referred to as the "Settlement Proceeds" or "Net Settlement Amount."  The Net Settlement Amount will be paid out to the Class Members without the need for Class Members to claim their pro rata share.

14.     "Individual Settlement Payment" shall mean the Settlement Proceeds provided to an individual Class Member.

15.     "Net Settlement Amount" shall have the meaning described in "Gross Settlement Amount," above.

16.     "Notice" shall mean the Notice of Class Action Settlement, attached hereto as **Exhibit A**.  It is the Notice, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the terms of the Settlement.

17.     "Participating Class Members" shall mean all Class Members other than those who timely and properly elect not to participate in the Settlement by submitting a written and valid Opt Out.

18.     "Parties" shall mean Class Members, Class Representative, and Defendant, and "Party" shall mean any one of the Parties.

19.     "PPP Compensation" shall refer to Performance Pay Plan compensation earned by Class Members from Defendant during the Class Period;

20.     "Opt Out" refers to the process by which a Class Member must timely and properly submit a written notice to the Settlement Administrator to exclude himself or herself from the Settlement herein, as well as to prevent the release of his/her claims raised in this Action.

21.     "Settlement" shall mean this settlement agreement between the Parties, which, with Court approval, is intended to provide the terms relevant to the resolution of the Action with regard to all Participating Class Members.

22.     "Settlement Administrator" shall mean the Settlement Administrator that the Parties mutually select to perform the duties set forth in this Settlement, subject to the Court's approval.

23.     "Settlement Effective Date" shall mean the date by which all of the following have occurred: (i) the Parties, or any one of them, has not voided this Settlement pursuant to Section XXVII, paragraphs 86 or 87; (ii) the Court has granted Final Approval and entered Final Judgment as to this Settlement; and (iii) the Court's Final Judgment has become Final.

24. "Settlement Proceeds" shall have the meaning described in "Gross Settlement Amount," above.

25. "Share Form," shall mean a form in substantially the form as **Exhibit A** attached hereto. It is the Share Form, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the Class Member's estimated Individual Settlement Payment.

## II. <u>RECITALS</u>

26. On June 3, 2019, Plaintiff commenced the Action on behalf of himself and all others allegedly similarly situated with respect to the claims asserted by filing in King County Superior Court. On July 2, 2019, the Action was removed to the United States District Court for the Western District of Washington. The Parties stipulated to staying the case pending the Washington Supreme Court's resolution of the *Sampson* case, which was ordered by the Court on September 3, 2019. After the resolution of *Sampson*, the parties stipulated to continuing the stay until February 15, 2020 to provide time for the parties to exchange informal discovery and engage in mediation and attempted early resolution, which was ordered by the Court on September 25, 2019.

27. Soon after, the Parties, through their attorneys, agreed to attend a private mediation and to engage in an informal exchange of discovery and information. Plaintiff sent a request for informal discovery to Defense counsel, and in January of 2020, Defendant's counsel provided Plaintiff's counsel with a set of response documents including, *inter alia*, a class list spreadsheet showing the Class Members' dates of employment; Plaintiff's personnel file documents and sample pay statements; Defendant's compensation policies and company handbooks; Defendant's break policies; and responses to Plaintiff's class data requests.

28.     On February 13, 2020, the Parties engaged in a private mediation in Seattle, Washington with Louis Peterson, Esq., serving as neutral. The Class Members were represented by Plaintiff's counsel, and the Defendant was represented by its counsel. At mediation, the Parties agreed to resolve this matter under the terms of this Agreement.

29.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than this Settlement, the Action is not appropriate for class treatment under Washington CR 23, Rule 23 of the Federal Rules of Civil Procedure, or otherwise. The Parties agree, however, that it is appropriate to certify the class for purposes of this Settlement only.

30.     Class Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of the Class Members' claims against Defendant, including engaging in pre-negotiation investigation, reviewing substantial data and documents, and researching the applicable law and potential defenses.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable and adequate and is in the best interests of Class Members in light of all known facts and circumstances, including the risk of protracted litigation, the risk that the Court would not certify a class action, and Defendant's defenses and potential appellate issues.

31.     Defendant agrees that the Settlement is fair, reasonable and adequate under the circumstances, taking into account litigation risks and costs of defense.

32.     This Settlement represents a compromise of materially disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff or the Class Members on those claims. The Parties agree that this Settlement and Settlement Agreement shall not be used as evidence in any future proceeding, except to enforce the terms herein.

33.     The entry of Final Judgment in this action shall dismiss with prejudice all claims set forth in the Action, provided that it will also state that the Court retains jurisdiction to enforce the terms of the Settlement.

## III.     TERMS OF SETTLEMENT

34.     The Parties agree that, with the Court's approval, the Court shall certify a class solely for the purpose of implementing the terms of this Settlement.

35.     Gross Settlement Amount:  The Gross Settlement Amount under this Settlement is $75,000.00, as defined above.

36.     Checks Cashed Process:  Participating Class Members (i.e., those who do not timely and validly Opt Out) will receive a check pursuant to this Settlement as set forth under Paragraph 40.  If any Participating Class Members do not cash their checks within the 90-day Check Cashing Period, any amounts associated with those Class Members' uncashed checks will be sent by the Settlement Administrator to the State of Washington with the associated name of the Class Member pursuant to Washington's Unclaimed Property Act (RCW 63.29, *et seq.*).  If any Class Members opt-out of the Settlement, their portion of the Settlement shall remain with the Settlement Proceeds available for pro-rata distribution to the Class Participants.

37.     Class Counsel's Attorneys' Fees and Costs:  Defendant will not oppose Class Counsel's request to the Court for approval of a total for attorneys' fees in an amount that does not exceed 30% of Gross Settlement Amount (i.e., $22,500.00 of the Gross Settlement Amount), to be paid out of the Gross Settlement Amount, plus up to $7,000.00 in litigation costs. The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their awarded fees and expenses.

38.     Class Representative Payment:  Defendant will not oppose Plaintiff's application to the Court for a Class Representative Payment not to exceed $7,000.00 to the Class

Representative, to be paid out of the Gross Settlement Amount, in addition to his Individual Settlement Payment.  The Settlement Administrator will issue to the Class Representative a Form 1099 with respect to his Class Representative Payment.

39.    <u>Distribution to Class Members</u>:  Distribution of the Settlement Proceeds shall be made by the Settlement Administrator as follows:

(a)    After deductions of Court approved Class Counsel's attorneys' fees and expenses, the Class Representative Payment, and any additional fees and expenses for the settlement administration above the $7,500.00 amount being funded by the Defendant on top of the Gross Settlement Amount, the remainder of the Gross Settlement Amount (i.e., the Settlement Proceeds) shall be available to be distributed to the Participating Class Members.

(b)    Every Participating Class Member—meaning all Class Members who have not timely and properly opted-out of the Settlement—will be entitled to his or her allocated share of the Settlement Proceeds.  The calculation is as follows and is based upon the information provided to the Settlement Administrator by Defendant: each Class Member's share shall be calculated by first dividing his or her number of shifts worked in weeks where PPP compensation was paid by the sum total of all Class Members' number of shifts worked in weeks where PPP compensation was paid. This calculation will result in a percentage figure for each Class Member (the "Percentage Figure"). The Percentage Figure will then be used to determine each Class Member's portion of the Settlement Proceeds by multiplying the Percentage Figure to the Settlement Proceeds. This portion is referred to as the "Settlement Share."

(c)    One-half (50%) of every Individual Settlement Payment will represent wages allegedly due and will be subject to required legal deductions and reported on a Form W-2. The other half (50%) of every Individual Settlement Payment will represent

alleged penalties and interest and will be reflected on a Form 1099. The W-2s and 1099s will be prepared by the Settlement Administrator.

40.     Settlement Payment Date: Within ten (10) days after the Settlement Effective Date, Defendant shall fund the settlement. Within twenty-one (21) days after the Settlement Effective Date, the Settlement Administrator shall mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment approved by the Court.

## IV.     NOTICE TO THE CLASS MEMBERS

41.     Within thirty (30) days after the Court's entry of its order granting preliminary approval, Defendant will provide the Settlement Administrator with the names, last known addresses, phone numbers, Social Security numbers, and the number of shifts worked in weeks during the Class Period where PPP compensation was paid to the Class Members.

42.     The Settlement Administrator will use reasonable tracing to verify the accuracy of the addresses before the initial mailing to ensure that the Notice is sent to Class Members at the addresses most likely to result in prompt receipt.  It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice. With respect to envelopes returned as undeliverable, the Settlement Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address.

43.     Class Counsel shall provide the Court, at least five (5) business days prior to the final approval hearing, a declaration by the Settlement Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice.

## V.  CLASS NOTICE DISSEMINATION PROCESS

44.  The Class Notice and Share Form distributed to Class Members, attached substantially hereto as Exhibit A, or as otherwise approved by the Court, shall be sent by the Settlement Administrator to each Class Member by first-class mail within fifteen (15) calendar days after the Settlement Administrator receives the information from Defendant as set forth above in paragraph 41.

45.  The Notice and Share Form will explain that the Class Members who wish to receive their portion of the Settlement do not need to return the Share Form unless they wish to challenge their portion of the Settlement Proceeds. Each Participating Class Member will be bound for purposes of the Settlement in this Action by the releases set forth in this Settlement.

46.  Class Members shall have forty-five (45) calendar days from the mailing of the Class Notice and Share Form to opt-out of the Settlement (the Response Deadline). A Class Member who has opted-out shall have no standing to object to the Settlement and will not be entitled to be heard at the Final Approval Hearing.

47.  Opt-Out Provisions – The Class Notice shall inform Class Members how they may opt-out of the Settlement. Any Class Member who properly requests to opt-out will not be entitled to receive a Settlement Share and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Prior to the Response Deadline, any Class Member who has elected to opt-out may withdraw that election by notifying the Settlement Administrator in writing that he or she wishes to be a Participating Class Member.

48.  The Share Form must be postmarked by the Response Deadline if delivered to the Settlement Administrator by postage pre-paid U.S. first-class mail. If delivered by means other than mail, it must be received by the Settlement Administrator on or before the Response Deadline. The written objections to the Settlement must be signed by the Class Member. Class

Counsel and Defendant's Counsel may mutually agree, but need not, in their respective sole discretion, to accept late-filed objections that are received prior to the Effective Date. Any objection to the Settlement that is (1) not postmarked by the Response Deadline, (2) not received by the Settlement Administrator by the fifth (5th) calendar day after the Response Deadline; (3) not received by other means by the Settlement Administrator by the Response Deadline; or (4) not signed by the Class Member is not considered a valid objection. The Settlement Administrator shall forward any objections received to counsel for all Parties within five (5) days of receipt, and Class Counsel shall file the objections and any responses thereto with the Court prior to the final fairness hearing.

49. <u>Share Form Disputes</u> – If a Class Member disagrees with any of the information listed on his or her Share Form concerning the number of shifts worked included on the Share Form, the Class Member may dispute such information by returning a signed Share Form with a statement containing the number of shifts worked in weeks during the Class Period where PPP compensation was paid that the Class Member believes he or she worked. The Class Member must attach documents to the Share Form to support his or her dispute. The Share Form with the disputed information and any documents must be received by the Response Deadline. The Share Form must include a telephone number to be used to contact the Class Member if necessary. The Settlement Administrator shall resolve the disagreement with the Participating Class Member using the employee records provided by Defendant and the Participating Class Member, in consultation with Defendant's Counsel.

50. Class Members who fail to submit a valid and timely request to opt-out shall be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is finally approved by the Court.

51. The Settlement Administrator shall provide updates to Class Counsel and Defendant's counsel every week with (1) the number of undeliverable notices/forms; (2) the

number of any opt-outs; and (3) any disputes by Class Members. The Settlement Administrator shall provide the opt-outs submitted to Defendant's Counsel.

52.      Within fifteen (15) days after the close of business of the Response Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's counsel a declaration including a statement of due diligence and proof of mailing of the Class Notice and Share Form to the Class Members and a statement as to the number of opt-outs received. Class Counsel shall provide this information to the Court within its Motion for Final Approval of this Settlement.

53.      For purposes of computing the Settlement Shares initially for purposes of sending the Share Form, the Settlement Administrator shall use the estimated Employer Taxes for all Class Members in computing the Net Settlement Amount. For purposes of computing the Settlement Shares after the Final Approval Hearing, the Settlement Administrator shall use the actual Employer Taxes for all Participating Class Members in computing the Net Settlement Amount, or Settlement Proceeds. In calculating the Settlement Shares, the Settlement Administrator shall assume 100% participation of the Class. The Share Form shall advise Class Members that their Settlement Share or Individual Settlement Payment is an estimate based on 100% participation, and that the actual amount payable to each Class Member may be higher or lower depending on various factors, such as the number of opt-outs and the Court's rulings on other matters. The Class Notice shall advise Class Members of the split percentage between W-2 and 1099 and that Class Members should seek independent tax advice about the tax consequences of their Individual Settlement Payments.

54.      The Settlement Administrator shall be responsible for issuing and mailing the checks for the court-approved Settlement Share payments to the Participating Class Members.

55.      The Settlement Administrator shall be responsible for distributing the payments pursuant to this Settlement, and for paying the applicable taxes to the appropriate taxing

authorities.  The Settlement Administrator will submit to Class Counsel for filing with the Court proof of all payments made from the Gross Settlement Amount with the Court and will serve all counsel with a copy of the same, within sixty (60) days of the Settlement Effective Date.

## VI.  <u>RELEASE OF CLAIMS</u>

56.  <u>Released Claims by Class Representative:</u>  In consideration of his awarded Class Representative Payment and the other terms and conditions of the Settlement, and understanding that there is a *bona fide* dispute regarding wages he may be owed, among other things, Plaintiff irrevocably releases and discharges Defendant and all of its affiliated agents, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties"), from all known and unknown claims, promises, causes of action, or similar rights of any type that he, she or they presently may have with respect to any of the Released Parties through the date of preliminary approval by the court ("Released Claims").  The Released Claims might arise under many different foreign, domestic, national, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as federal and state anti-discrimination statutes, and other laws such as those providing recourse for alleged wrongful discharge, tort, personal injury, emotional distress, fraud, negligence, defamation, and similar or related claims, as well as those related to compensation, pay deductions, tax treatment of earnings, wage disputes of any nature (including those pursuant to

the Fair Labor Standards Act), penalties, liquidated damages, punitive damages, attorneys' fees, benefits, and family and medical leave rights. Plaintiff's release includes all claims that were made, or could have been made, against the Released Parties in the Action. This Release does not release any claims that the law does not permit Plaintiff to release. Plaintiff agrees to promptly pay and to indemnify and hold the Released Parties herein harmless from and against any and all loss, cost, damage or expense, including without limitation, attorneys' fees, interest, assessments, and penalties, arising out of any dispute over the tax treatment of any of the proceeds received by Plaintiff as a result of this Release.

57. <u>Released Claims by Class Members</u>: In consideration of their Individual Settlement Payments and the other terms and conditions of the Settlement, and recognizing that there is a *bona fide* dispute regarding wages owed, among other things, each Participating Class Member (including the named Class Representative) will irrevocably release and discharge Defendant and all of its affiliated agents, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties") from all claims during the period from June 3, 2016 through April 21, 2017 (the "Class Period") in the Complaint ("Complaint") asserted against Defendant, including claims for unpaid rest periods under the Industrial Welfare Act (RCW 49.12, *et. seq.*), WAC Section 296-126-092(4); claims for, specifically, unpaid non-piece-rate work, also referred to as "non-productive" time (e.g., "time spent loading company vans with equipment, cleaning company vans, traveling in company vehicles between the shop and

the install site, paperwork pre and post-installation inspections, meetings and orientations, telephone calls, etc."), under the Washington Minimum Wage Act (RCW 49.46.020 and 090); failure to satisfy wage obligations under the Washington Wage Rebate Act (RCW 49.52.050(2)); and claims for exemplary damages, penalties, and interest (RCWs 49.52.050 and 070), as well as attorneys' fees and costs, premised on alleged unpaid rest periods, unpaid non-piece-rate work, and any claims under any state, federal or local law arising from the claims in the Complaint based on the same factual predicates as alleged therein, to the fullest extent permitted by law. This Release does not release any claims that the law does not permit each Participating Class Member to release. Each Participating Class Member is responsible for appropriately reporting the proceeds received as a result of this Release on his/her taxes and agrees to hold the Released Parties harmless with respect to any dispute arising from or related to such reporting.

58. <u>Additional Attorneys' Fees Released by Class Counsel</u>: In consideration for their Court-approved attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees or costs in connection with the Action.

## VII. <u>CONFIDENTIALITY</u>

59. Plaintiff and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the Action, or the fact, amount or terms of the Settlement.

60. Plaintiff and Class Counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement that identifies Defendant, including but not limited to any postings on any websites maintained by Class Counsel. Class Counsel shall be permitted to make reference to the Settlement, without identifying Defendant by name. In connection with submitting declarations concerning adequacy in other cases, Class Counsel

may identify the case number, provide a description of the case and resolution, and confirm the fact that they were approved as Class Counsel.

61.     Any communication about the Settlement to Class Members by Class Counsel or Plaintiff prior to the Court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved Notice.

62.     Defendant shall have the right to rescind this Settlement, rendering it null and void, if Plaintiff or Class Counsel violate the obligations in this Section VII.

## VIII.   NO EFFECT ON OTHER BENEFITS

63.     The Parties agree that the calculations made regarding the Settlement amounts and the pro-ration of the same among the Class Members, are for purposes of this Settlement only, and do not give rise to any other rights under any benefit plans or otherwise.

64.     Payments under this Settlement shall not be considered compensation under any of Defendant's employee benefit plans.

## IX.   DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

65.     Cooperation:  The Parties and their counsel agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice. The Parties further agree that neither they nor their counsel will solicit or otherwise encourage Class Members to object to or Opt Out of the Settlement.

66.     Fair, Reasonable and Adequate Settlement:  The Parties agree that the Settlement is fair, reasonable and adequate and will so represent to the Court.

67.     Unopposed Motion for Preliminary Approval of Settlement:  Class Counsel will move the Court for an Order Granting Preliminary Approval of the Settlement and Notice as

soon as practicable. The Motion for an Order Granting Preliminary Approval of the Settlement and Notice shall substantially be in the following form which Defendant shall not oppose:

(a)     Setting a date for a fairness hearing on the question whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

(b)     Approving as to form, content and distribution of the proposed Notice;

(c)     Directing the mailing of the Notice to the Class Members;

(d)     Preliminarily approving the Settlement;

(e)     Preliminarily certifying a class consisting of Plaintiff and Class Members for purposes of Settlement only;

(f)     Approving Craig Ackermann, Brian Denlinger, India Bodien, and their respective law firms, as Class Counsel; and

(g)     Approving CPT Group, Inc. or another administrator agreed to by the Parties as the Parties' mutually agreed upon Settlement Administrator.

## X.    DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

68.    Following final approval of the Settlement by the Court, Class Counsel will submit a proposed Final Judgment substantially in the following form:

(a)     Certifying a Settlement Class consisting of Plaintiff and Participating Class Members for purposes of Settlement only;

(b)     Approving the Settlement, adjudging the terms to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(c)     Approving the Class Representative Payment to the Named Plaintiff;

(d)     Approving the payment of attorneys' fees and expenses to Class Counsel;

(e)     Dismissing the Action on the merits and with prejudice and permanently barring all Class Members and Plaintiff from prosecuting any and all Released Claims set forth above.

## XI.    <u>PARTIES' AUTHORITY</u>

69.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XII.   <u>MUTUAL FULL COOPERATION</u>

70.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the cooperation of Defendant and its counsel, take all steps necessary to secure the Court's Final Judgment.

## XIII.  <u>NO PRIOR ASSIGNMENTS</u>

71.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIV.   <u>NO ADMISSION</u>

72.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Defendant denies any

such liability.  Each of the Parties has entered into this Settlement with the intention to avoid
further disputes and litigation with the attendant inconvenience and expenses.

73.     This Settlement is a settlement document and shall be inadmissible in evidence in
any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XV.     ENFORCEMENT ACTIONS

74.     In the event that one or more of the Parties institutes any legal action against any
other party or Parties to enforce the provisions of this Settlement or to declare rights and/or
obligations under this Settlement, the successful party or Parties shall be entitled to recover from
the unsuccessful party or Parties reasonable attorneys' fees and costs, including expert witness
fees and costs incurred in connection with any enforcement actions.

## XVI.     NOTICES

75.     Unless otherwise specifically provided, all notices, demands or other
communications shall be in writing and shall be deemed to have been duly given as of the fifth
(5th) business day after mailing by United States registered or certified mail, return receipt
requested, addressed as follows:

> To the Class:
>
> India Lin Bodien, Esq.
> India Lin Bodien, Attorney at Law
> 2522 North Proctor Street, #387
> Tacoma, Washington 98406
>
> Craig Ackermann, Esq.
> Brian Denlinger, Esq.
> Ackermann & Tilajef, P.C.
> 2602 North Proctor Street, #205
> Tacoma, Washington 98406
>
> To Defendant:
> Andrew C. Smith, Esq
> Daniel J. Clark, Esq.

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215

## XVII.  VOIDING THE AGREEMENT

76.     If this Settlement is not approved, or if the Court's Final Judgment is materially modified on appeal, then this Settlement will become null and void, no payment under this Settlement will be made, and the Settlement shall not be used nor be admissible in any subsequent proceeding either in this Court or in any other Court or forum, nor shall there be any certification of the Class, as it is being requested here solely for the purposes of this Settlement. If there is any reduction in the attorneys' fee award and/or costs requested, such reduction may be appealed as set forth below but is not a basis for rendering the Settlement voidable and unenforceable.

## XVIII. CONSTRUCTION

77.     The Parties agree that the terms and conditions of this Settlement are the result of intensive arm's-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement.

## XIX.  CAPTIONS AND INTERPRETATIONS

78.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XX.   MODIFICATION

79.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.

## XXI.  INTEGRATION CLAUSE

80.     This Settlement contains the entire agreement between the Parties, and, once it is fully executed, all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XXII.  BINDING ON ASSIGNS

81.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXIII.  CLASS COUNSEL SIGNATORIES

82.     It is agreed that it is impossible or impractical to have each Class Member execute this Settlement.  The Notice will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who submit a timely and valid Opt Out, the Notice shall have the same force and effect as if this Settlement were executed by Plaintiff and each Class Member with regard to the Release of Claims recited in Section VI, paragraphs 56 (Plaintiff) and 57 (Class Members).

## XXIV.  COUNTERPARTS

83.      This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, either by original signature, facsimile signature, or electronic Docu-Sign signature, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXV. **RIGHT OF APPEAL**

84.     The Parties agree to waive all appeals from the Court's Final Judgment of this
Settlement, unless the Court materially modifies the Settlement.

## XXVI. **CLASS CERTIFICATION**

85.     The Parties agree that the stipulation of class certification is for the purposes of
this Settlement only and if for any reason the Settlement is not approved, the Settlement will be
of no force or effect, the class will not be certified and no payment will be made.  The Parties
agree that certification for settlement purposes is in no way an admission that class certification
is proper and that evidence of this stipulation for settlement purposes only will not be deemed
admissible in this or any other proceeding.

## XXVII. **RIGHT OF REVOCATION**

86.     In the event that more than 10% of the Class Members opt out of the Settlement
(i.e., 13 or more Class Members assuming the class size is and remains 122), Defendant has the
right to void the Settlement. Defendant will exercise its right to void the Settlement, if at all, at
least 10 days before the Final Approval Hearing.

87.     In the event that the Class contains 10% more Class Members, as of the hearing
on Plaintiff's Motion for Preliminary Approval, than the 122 of which Class Counsel were
informed on February 13, 2020 (i.e., 135 or more total Class Members), then Plaintiff will have
the right to void this Agreement unless Defendant agrees to proportionately increase the gross
Settlement Agreement to account for those individuals.

## XXVIII.   NO RETALIATION & NEUTRAL REFERENCE

88.    Any requests for employment reference will be directed to The Work Number at 1-800-367-5691. In response to such inquiries, Defendant will only respond with the dates of Plaintiff's employment, position(s) held, and any other information that Defendant is legally obligated to provide about Plaintiff's employment with Defendant.

### COUNSEL AND THE PARTIES

DATED: March 9, 2020                    VORYS, SATER, SEYMOUR AND PEASE LLP

By: _____
    ANDREW C. SMITH, ESQ.
    DANIEL J. CLARK, ESQ.
    Attorneys for Defendant

DATED: March __, 2020                   WILLIAMS, KASTNER & GIBBS PLLC

By: _____
    SHERYL J. WILLERT, ESQ.
    JEFFREY M. WELLS, ESQ.
    Attorneys for Defendant

DATED: March ___, 2020                  ACKERMANN & TILAJEF, P.C.

By: _____
    CRAIG ACKERMANN, ESQ.
    BRIAN DENLINGER, ESQ.
    Attorneys for Plaintiff

DATED: March ___, 2020                  INDIA LIN BODIEN, ATTORNEY AT LAW

By: _____
    INDIA LIN BODIEN, ESQ.
    Attorney for Plaintiff

## XXVIII.　　NO RETALIATION & NEUTRAL REFERENCE

88.　　Any requests for employment reference will be directed to The Work Number at 1-800-367-5691. In response to such inquiries, Defendant will only respond with the dates of Plaintiff's employment, position(s) held, and any other information that Defendant is legally obligated to provide about Plaintiff's employment with Defendant.

### COUNSEL AND THE PARTIES

DATED:　March__, 2020　　　　　　VORYS, SATER, SEYMOUR AND PEASE LLP

By:_____
ANDREW C. SMITH, ESQ.
DANIEL J. CLARK, ESQ.
Attorneys for Defendant

DATED:　March__, 2020　　　　　　WILLIAMS, KASTNER & GIBBS PLLC

By:_____
SHERYL J. WILLERT, ESQ.
JEFFREY M. WELLS, ESQ.
Attorneys for Defendant

DATED:　March _4_, 2020　　　　　　ACKERMANN & TILAJEF, P.C.

By:_____Craig Ackermann_____
CRAIG ACKERMANN, ESQ.
BRIAN DENLINGER, ESQ.
Attorneys for Plaintiff

DATED:　March _4_, 2020　　　　　　INDIA LIN BODIEN, ATTORNEY AT LAW

By:_____India Bodien_____
INDIA LIN BODIEN, ESQ.
Attorney for Plaintiff

DATED: March __4__, 2020

By: _____
    MARIO E. YOUNG, JR.
    PLAINTIFF


DATED: March ____, 2020

By: _____
    SAFELITE FULFILLMENT, INC.
    DEFENDANT
    By: _____
    Its: _____

DATED: March ___, 2020

By: _____

      MARIO E. YOUNG, JR.
      PLAINTIFF

DATED: March _9_, 2020

By: _____

      SAFELITE FULFILLMENT, INC.
      DEFENDANT
      By: _Cynthia Elliott_
      Its: _General Counsel & SVP, Legal_

# EXHIBIT A

EXHIBIT A___

Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx

# NOTICE OF CLASS ACTION SETTLEMENT

### THIS NOTICE MAY AFFECT YOUR RIGHTS
### PLEASE READ IT CAREFULLY

## I.  WHY SHOULD I READ THIS NOTICE?

The purpose of this Notice is to inform you of the potential resolution of a class action lawsuit entitled "*MARIO E. YOUNG, JR., individually and behalf of all others similarly situated, Plaintiff, v. SAFELITE FULFILLMENT, INC., a Delaware corporation, Defendant*" (the "Action")  The Action is designated Case No. 2:19-cv-01027-JLR and is currently pending in the United States District Court for the Western District of Washington.

The Action alleges that Safelite Fulfillment, Inc. ("Safelite" or the "Company") did not comply with Washington wage and hour law with respect to rest breaks and payment of minimum wages for non-productive activities for employees paid on the Company's Performance Pay Plan ("PPP") incentive plan in weeks when those employees earned PPP compensation. The lawsuit contains four causes of action: (1) failure to pay hourly and separate wages for statutory rest periods, (2) failure to pay minimum wage for all non-driving time worked,[1] (3) failure to satisfy wage obligations assumed through contract, and (4) double damages flowing from the first three causes of action. Safelite denies all wrongdoing.

On February 13, 2020 the parties reached a provisional settlement in this matter, which means the ultimate settlement ("Settlement") is subject to Court approval.  The Parties formalized the agreement in_____, 2020.  On _____, 2020, the Court issued an order preliminarily certifying a Settlement class.  The Court has not expressed any opinion as to the validity of the claims raised in this case, and had not ruled on any of the causes of action prior to the parties' agreement to settle. Safelite maintains that it complied with applicable law, and that employees have been fully paid all wages due. There is, therefore, a *bona fide* dispute regarding whether or not additional wages are owed to the Settlement class members.

**YOUR RIGHTS MAY BE AFFECTED BY THIS ACTION** because, according to Safelite's records, you are a member of the Settlement class.  The Settlement class includes all individuals who (1) resided in Washington State, (2) were employed by Defendant as mobile technicians and/or technicians (or any similar position), (3) and who were paid, in whole or in part, on Defendant's Performance Pay Plan ("PPP") and who, in fact, earned PPP incentive pay during at least one pay period, (4) and who worked at least one shift of at least 4 hours in length at any time from June 3, 2016 to April 21, 2017 (the "Class Members").

---

[1] The Washington Supreme Court subsequently held that this claim was not recognized under Washington law.  *Sampson v. Knight Transp.*, Wash. S. Ct. No. 96264-2.

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

**Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx**

## II.    WHAT WILL I RECEIVE FROM THE SETTLEMENT?

The following are aspects of the Settlement preliminarily approved by the Court:

- Safelite will pay a Gross Settlement Amount of $75,000.00 which will include, among other things: (1) payments to the Participating Class Members (i.e., those Class Members who do not submit a request to be excluded from the Settlement); (2) Class Counsel's attorneys' fees (30% of the Gross Settlement Amount, i.e., $22,500.00, and costs (up to an additional $7,000.00 subject to Court approval); (3) a service payment to the Class Representative ($7,000.00) subject to Court approval; and (4) any fees and expenses for the settlement administrator above the $7,500.00 amount being funded by Defendant on top of the Gross Settlement Amount.

- Settlement Proceeds will be distributed to all Class Members except for those who elect to opt-out of the Settlement per the terms in Section IV.D. below. Please also see the attached Share Form for further details, including your estimated Individual Settlement Payment and the number of shifts worked in weeks during the Class Period where Performance Pay Plan ("PPP") compensation was paid to you.

- All Class Members who do not formally opt-out of the Settlement will release Safelite from any and all liability for claims arising directly or indirectly from facts alleged in the Action as set forth in Section III.A. during the Class Period.

- Each Participating Class Member's share will be based on a formula which subtracts from the Gross Settlement Amount those litigation costs, attorneys' fees, the service award, and the Settlement Administrator's fees and expenses above the $7,500.00 being funded by Defendant on top of the Gross Settlement Amount, approved by the Court. The remaining amount (the "Settlement Proceeds" or "Net Settlement Amount") will be divided among the Class Members *pro rata* based on the percentage of shifts worked in weeks during the Class Period where PPP compensation was paid to each Class Member as a percentage of all of the technicians and mobile technicians' total shifts worked in weeks during the Class Period where PPP compensation was paid. Any checks that are not cashed within 90 days will result in the amount being sent to the Washington Unclaimed Property Fund.

- 1/2 of the settlement awards will be treated as wages, reported on a W-2 basis, and will subject to normal payroll deductions.  The other 1/2 will be treated as payment for penalties and interest and will be reported on a 1099 basis. Participating Class Members are encouraged to seek independent advice regarding the tax consequences of their settlement awards.

- No employee benefit shall increase or accrue as a result of any payment made in connection with this Settlement.

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

EXHIBIT A___

**Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx**

III.    **WHAT IS THE EFFECT OF THE SETTLEMENT?**

    A.    **Release of Claims.**

All Participating Class Members, understanding that there is a *bona fide* dispute regarding wages they may be owed, among other things, will irrevocably release and discharge Safelite and all of its affiliated agents, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties") from all claims during the period from June 3, 2016 through April 21, 2017 (the "Class Period") in the Complaint ("Complaint") asserted against Defendant, including claims for unpaid rest periods under the Industrial Welfare Act (RCW 49.12, *et. seq.*), WAC Section 296-126-092(4); claims for, specifically, unpaid non-piece-rate work, also referred to as "non-productive" time (e.g., "time spent loading company vans with equipment, cleaning company vans, traveling in company vehicles between the shop and the install site, paperwork pre and post-installation inspections, meetings and orientations, telephone calls, etc."), under the Washington Minimum Wage Act (RCW 49.46.020 and 090); failure to satisfy wage obligations under the Washington Wage Rebate Act (RCW 49.52.050(2)); and claims for exemplary damages, penalties, and interest (RCWs 49.52.050 and 070), as well as attorneys' fees and costs, premised on alleged unpaid rest periods, unpaid non-piece-rate work, and any claims under any state, federal or local law arising from the claims in the Complaint based on the same factual predicates as alleged therein, to the fullest extent permitted by law. This Release does not release any claims that the law does not permit each Participating Class Member to release.

The release of claims recited in this paragraph shall not apply to Class Members who timely and properly submit a written Opt Out, as described below.  If you submit a written Opt Out, you will not release any claims and you will not receive any settlement award from this case.

Each Participating Class Member is responsible for appropriately reporting the proceeds received as a result of this Settlement on his/her taxes, and agrees to hold the Released Parties harmless with respect to any dispute arising from or related to such reporting.

If you are a Class Member as defined by this Settlement and you do not elect to exclude yourself through a valid and timely submitted written Opt Out, you will be deemed to have entered into this release, even if you do nothing at all.

    B.    **Payment To Participating Class Members.**

If you do not elect to opt-out of the Settlement, and thereby qualify to receive payment under the Settlement, a check will be mailed to you.

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

**Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx**

IV.  **WHAT ARE MY RIGHTS?**

A.  **You May Participate In The Settlement.**

If you wish to participate in the Settlement, you do not need to do anything at this time. If your address or phone number has or will change, please be sure to update the Settlement Administrator at the following address:

Claims Administration Center
c/o _____
[Settlement Administrator]
[ADDRESS]

B.  **You May Object To The Settlement, Or Any Part Of It.**

To object, you must submit a written objection and notice of intention to appear at the Final Approval Hearing to the Settlement Administrator at the below address, on or before _____, 2020:

Claims Administration Center
c/o _____
[Settlement Administrator]
[ADDRESS]

**YOUR OBJECTION WILL BE FILED WITH THE COURT BY THE COUNSEL FOR THE PARTIES IN THIS CASE. IF THE COURT DENIES YOUR OBJECTION, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT**

C.  **Shifts Listed on Share Form.**

If you believe that the number of shifts worked in weeks during the Class Period where PPP compensation was paid listed on the Share Form is incorrect, you may dispute the information by returning the Share Form with what you contend is the correct information, along with your supporting documentation, to the Settlement Administrator at the address above no later than _____, 2020.  The Settlement Administrator, in connection with Defendant's records, will make an ultimate determination of the number of piece rate earnings for you pursuant to the settlement.

D.  **You May Exclude Yourself From This Case.**

If you wish to be excluded from the class and from the Settlement (i.e., "opt-out"), which means you preserve your rights to sue on your own, or take no legal action at all, and you will receive no settlement share in this case, you must complete and mail a written Opt-Out form to the Settlement Administrator. Your Opt-Out form must be postmarked no later than _____, 2020. The Opt-Out form must contain your name, signature, the last four digits of your social security number, and the statement:

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

EXHIBIT A___

**Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx**

I have received the Notice of Class Action Settlement of the Action titled *Mario E. Young, Jr. v. Safelite Fulfillment, Inc.,* Case 2:19-cv-01027-JLR, U.S. District Court for the Western District of Washington.  I wish to opt out of the Settlement.  I understand that by requesting to be excluded from the Settlement Class, I will not receive any payment from the Settlement approved by the Court in the Action.

If you timely request exclusion from the class, you will (1) be excluded from the class; (2) not be bound by any determination or judgment entered in this litigation; (3) not be bound by the release; and (4) not receive a portion of the Settlement.

## V.    WHO REPRESENTS THE PROPOSED SETTLEMENT CLASS?

### A.    Class Representative.

Plaintiff Mario E. Young, Jr. is a former employee of Defendant and is the Class Representative.

### B.    Class Counsel.

The Court has approved the following attorneys to be Class Counsel for the purpose of representing the interest of the class:

> India Lin Bodien, Esq.
> India Lin Bodien, Attorney at Law
> 2522 North Proctor Street, #387
> Tacoma, Washington 98406
> Telephone: (253) 212-7913
> india@indialinbodienlaw.com
>
> Craig J. Ackermann, Esq.
> Brian W. Denlinger, Esq.
> Ackermann & Tilajef, P.C.
> 2602 North Proctor Street, #205
> Tacoma, Washington 98406
> Telephone: (253) 625-7720
> cja@ackermanntilajef.com
> bd@ackermanntilajef.com

You may contact Class Counsel or the Settlement Administrator should you have questions.

**PLEASE DO NOT ADDRESS ANY QUESTIONS TO THE COURT.**

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

EXHIBIT A___

**Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx**

## VI.   WHAT FEES AND COSTS ARE INVOLVED?

### A.   Attorneys' Fees, Costs and Expenses.

Class Counsel represented the class on a contingency fee basis.  This means attorneys' fees could be paid only if money was recovered for the class, and then only for a reasonable portion of the amount recovered.  Here, Class Counsel will ask the Court for an award of fees and expenses not to exceed 30% of the Gross Settlement Amount, or $22,500.00 in fees and an additional $7,000.00 in litigation costs. Safelite will not oppose this request.

Class Counsel will continue to pay the costs of this litigation.  Most of those costs will be paid from the Gross Settlement Amount as described elsewhere in these materials, subject to the Court's approval.  You are _not_ individually responsible for any of those costs.

### B.   Class Representative Payment.

The Class Representative will ask the Court to grant him a service payment of $7,000.00 for his effort on behalf of the settlement class. Safelite will not oppose this request.  Granting of any service payment is at the Court's discretion.


## VII.   FINAL APPROVAL HEARING

The Court has set the Final Approval Hearing as follows:

Date:

Time:

Place:


**PLEASE DO NOT ADDRESS ANY QUESTIONS TO THE COURT OR TO SAFELITE.**

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.

EXHIBIT A___

Questions?  Call the Settlement Administrator Toll Free at 1-8xx-xxxx

<u>SHARE FORM</u>
**Class Member PPP Shifts Worked and Estimated Settlement**

&lt;&lt;Claim Number&gt;&gt;    _____

&lt;&lt;Name&gt;&gt;       _____

&lt;&lt;Address&gt;&gt;      _____

&lt;&lt;City&gt;&gt;, &lt;&lt;State&gt;&gt; &lt;&lt;Zip Code&gt;&gt; _____

Safelite Fulfillment, Inc.'s ("Safelite") records show that during the Class Period, you worked the following number of shifts in weeks during the Class Period where you received Performance Pay Plan ("PPP") compensation:

| CLASS PERIOD | PPP SHIFTS WORKED |
|---|---|
| **06/03/2016 – 04/21/2017** | |
| **TOTAL PPP SHIFTS WORKED DURING THE CLASS PERIOD:** | **YOUR PPP SHIFTS WORKED DURING THE CLASS PERIOD:** |

BASED ON YOUR SHIFTS WORKED DURING THE CLASS PERIOD, **YOUR ESTIMATED SHARE OF THE SETTLEMENT IS: $_____.** THIS AMOUNT MAY BE HIGHER OR LOWER BASED ON OPT-OUTS, RULINGS OF THE COURT RELATED TO FEES, COSTS AND THE ENHANCEMENT, AND OTHER FACTORS.

<u>YOU DO NOT NEED TO SIGN AND SUBMIT THIS FORM UNLESS YOU WISH TO CHALLENGE YOUR SETTLEMENT SHARE OR THE SHIFTS WORKED DURING THE CLASS PERIOD IN WEEKS WHERE PPP COMPENSATION WAS PAID, LISTED ABOVE.</u>

OPTION TO CHALLENGE

☐ I wish to challenge the employment data listed above.  I have included a written statement setting forth what I believe is the actual number of shifts I worked as a technician or mobile technician for Safelite during the Class Period in weeks where PPP compensation was paid.  **I recognize that any challenge I make will not be reviewed without documentary evidence to support my claim.**  I understand that by submitting this challenge, I authorize the Settlement Administrator to review Safelite's records and make a determination based on those records and the records I submit.  I understand that such determinations are final and binding with no opportunity for further appeal.

Dated: _____   Signed: _____

Page **7** of 7

NOTICE OF SETTLEMENT
MARIO E. YOUNG, JR. v. SAFELITE FULFILLMENT, INC.